UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ROSAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) 08cv1678 |
| WILMETTE PARK DISTRICT and | ) Judge Lefkow |
| MIKE MATCHEN, | ) Mag. Judge Cox |
| | ) |
| Defendants. | ) |

### DEFENDANT WILMETTE PARK DISTRICT'S
### ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

Defendant, Wilmette Park District ("Park District")[1], by and through its attorneys, Gregory R. James, Jr. and Lawrence Jay Weiner of Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd., submits the following Answer to the Complaint of Employment Discrimination ("Complaint"):

**PARAGRAPH NO. 1 STATES:**

This is an action for employment discrimination.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 1 of the Complaint, but denies that Plaintiff has a cause of action for employment discrimination or that he is entitled to any relief.

---

[1] The Defendant Mike Matchen has filed a Motion to Dismiss the Plaintiff's Complaint of Employment Discrimination.

**PARAGRAPH NO. 2 STATES:**

The plaintiff is Daniel Rosas of (sic) the county of Cook in the state of Illinois.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 2 of the Complaint.

**PARAGRAPH NO. 3 STATES:**

The defendant [sic] is Wilmette Park District/Mike Matchen, whose street address is 1200 Wilmette Avenue, Wilmette, Lake County, Illinois 60091. Defendant's telephone number (847) 256-9783.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 3 of the Complaint.

**PARAGRAPH NO. 4 STATES:**

The plaintiff sought employment or was employed by the defendant at 3900 Fairway Drive, Wilmette, Lake County, Illinois 60091.

**ANSWER:** In response to the allegations in Paragraph 4 of the Complaint, Defendant Park District admits that the Plaintiff sought employment and was employed by the Defendant Wilmette Park District at the indicated address.

**PARAGRAPH NO. 5 STATES:**

The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 5 of the Complaint that Plaintiff was employed by the Defendant Park District and is no longer employed thereby.

**PARAGRAPH NO. 6 STATES:**

The defendant discriminated against the plaintiff on or about, or beginning on or about, December 15, 1998.

**ANSWER:**   Defendant Park District denies the allegations contained in Paragraph 6 of the Complaint.

**PARAGRAPH 7.1 STATES:**

(a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) the United States Equal Employment Opportunity Commission, on or about October 22, 2007.

(ii) the Illinois Department of Human Rights, on or about April 4, 2007.

(b) Copies of the charges are attached.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:**   In response to the allegations contained in Paragraph 7.1 of the Complaint, Defendant Park District denies that Plaintiff filed any charges of discrimination naming the Defendant Mike Matchen as a respondent, states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the cross-filing of the charges in this case, and admits the remaining allegations.

**PARAGRAPH 7.2 STATES:**

THIS PARAGRAPH IS NOT RELEVANT TO THIS CASE.

**PARAGRAPH 8. STATES:**

The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on December 20, 2007, a copy of which *Notice* is attached to this complaint.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 8 of the Complaint.

**PARAGRAPH 9 STATES:**

The defendant discriminated against the plaintiff because of the plaintiff's Age (Age Discrimination Employment Act).

**ANSWER:** Defendant Park District denies the allegations contained in Paragraph 9 of the Complaint.

**PARAGRAPH 10 STATES:**

If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** In response to the allegations contained in Paragraph 10, Defendant Park District states that it is a local unit of government, admits that Plaintiff alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983), states that such allegations were not contained in Plaintiff's Charges of Discrimination, and further denies that Plaintiff has a cause of action for any such alleged discrimination or he is entitled to any relief.

**PARAGRAPH 11 STATES**:

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 11 of the Complaint, except regarding 42 U.S.C. § 1981.

**PARAGRAPH 12 STATES:**

The defendant terminated the plaintiff's employment, failed to stop harassment, and

retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER:** Defendant Park District denies the allegations contained in Paragraph 12 of the Complaint.

**PARAGRAPH 13 STATES:**

The facts supporting the plaintiff's claim of discrimination are as follows:

When a coworker (sic) would have come to talk about consulting something to me, he always recriminated (sic) me, when the other employee was the one coming to my place of work to distrat (sic) me, and besides that when the other employees were talking the supervisors will not recreminating (sic) them. The company always would buy boots for everybody but me from 2004 to 2006 (see enclosures)

**ANSWER:** In response to the allegations contained in Paragraph 13, Defendant Park District denies that it would buy boots for everyone except Plaintiff, and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

**PARAGRAPH 14 STATES:**

Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** Defendant Park District denies the allegations contained in Paragraph 14 of the Complaint.

**PARAGRAPH 15 STATES:**

The plaintiff demands that the case be tried by a jury.

**ANSWER:** Defendant Park District admits the allegations contained in Paragraph 15 of the Complaint.

**PARAGRAPH 16 STATES:**

THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

(a)     Direct the defendant to compensated (sic) the plaintiff for the Emotional and Physical damages caused by the verbal mistreating by the supervisors and coworkers.

(b)     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**ANSWER:**   Defendant Park District admits that Plaintiff requests such relief, but states that he does not have a cause of action and is not entitled to any relief.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**   To the extent Plaintiff's claims are based upon alleged actions of Defendant Park District that occurred more than two years prior to the filing of the Complaint, such claims are barred by the statute of limitations.

**Second Affirmative Defense:**   To the extent Plaintiff's claims are based upon alleged actions of the Defendant Park District that occurred more than 300 days prior to the filing of his EEOC Charge of Discrimination, such claims are barred by the 300 day statue of limitations.

**Third Affirmative Defense:**   To the extent Plaintiff's claims are based upon alleged acts of discrimination on grounds not set forth in his EEOC Charge of Discrimination, such claims are barred by law.

**Fourth Affirmative Defense:**   To the extent Plaintiff has not attempted to mitigate his damages, he is barred from recovering back pay and other relief.

**Fifth Affirmative Defense:**   If Plaintiff is entitled to any back pay, such back pay must be reduced by any mitigation.

**Sixth Affirmative Defense:**   Plaintiff's cause of action may be barred by the dismissal of his Charge of Documentation by the Illinois Department of Human Rights under *res judicata* and/or collateral estoppel.

**Seventh Affirmative Defense:** If co-workers engaged in discriminating conduct, such conduct was not known to Defendant Park District; and, therefore, Defendant Park District has no liability with respect thereto.

WHEREFORE, Defendant Wilmette Park District, respectfully submits that the Complaint of Employment Discrimination be dismissed, and/or that judgment be entered in favor of the Defendant Park District and against the Plaintiff, and for such other and further relief as is proper.

Dated: August 13, 2008                     WILMETTE PARK DISTRICT, Defendant


                                           By: s:\Lawrence J. Weiner
                                           One of Its Attorneys

Lawrence Jay Weiner (02965186)
   lweiner@lanermuchin.com
Gregory R. James, Jr. (6198667)
   gjames@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
Attorneys for the Defendant
Wilmette Park District

## **CERTIFICATE OF SERVICE**

I, Lawrence J. Weiner, an attorney, hereby certifies that he caused the foregoing Answer to Complaint and Affirmative Defenses to be delivered to the Court's drop box at room 1932 per the Orders of the Honorable Joan Lefkow, and filed via Electronic Filing with the Clerk of court, and to be served on counsel of record for the Plaintiff, through the U.S. District Court, Northern District of Illinois e-filing system, on this 13th day of August 2008, addressed to:

>John F. Verhey, Esq.
>DLA Piper US LLP
>203 N. LaSalle, 19th Floor
>Chicago, Illinois 60601
>312/368-4044 Phone
>john.verhey@dlapiper.com

>/s/ Lawrence J. Weiner
>Lawrence J. Weiner

Lawrence J. Weiner (02965186)
  lweiner@lanermuchin.com
Gregory R. james, Jr. (06198667)
  gjames@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)